## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SEAN C. NIKKILA,
               Appellant,

       v.

DEPARTMENT OF ENERGY,
               Agency.

DOCKET NUMBER
SF-3330-17-0016-I-1

DATE: November 21, 2022

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Sean C. Nikkila</u>, Sherwood, Oregon, pro se.

<u>Sally Carter</u>, Portland, Oregon, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b). We FORWARD the appellant's claim under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) (codified as amended at 38 U.S.C. §§ 4301-4335), which he raised for the first time on review, to the Western Regional Office for adjudication.

## BACKGROUND

¶2        In August 2012, the appellant, a preference eligible, applied for a GS-13 Program Analyst (Budget) position within the agency's Bonneville Power Administration (BPA). Initial Appeal File (IAF), Tab 12 at 25-26, Tab 13 at 9, 22. BPA informed the appellant that he was not selected for the position in September 2012. IAF, Tab 1 at 5, Tab 12 at 9-12.

¶3        On July 22, 2014, as a result of an investigation into BPA's hiring practices and a resulting remediation plan, BPA sent the appellant a letter informing him that his 2012 application for the Program Analyst (Budget) position had not received appropriate consideration and offering him up to 1 year of priority consideration for an equivalent position. IAF, Tab 5 at 19-20, Tab 6 at 2-25, Tab 9 at 21, Tab 11 at 24-25, Tab 12 at 8. The appellant accepted the offer on

July 27, 2014, and BPA later extended the priority consideration period by 3 months, until October 2015. IAF, Tab 5 at 20, Tab 9 at 21-22.

¶4 On September 10, 2014, the appellant emailed BPA to inquire about the status of his priority consideration request, and BPA replied that it had documented his request and was in the process of finalizing the list for selecting officials. IAF, Tab 1 at 5, Tab 5 at 6, 24. Thereafter, on October 7, 2014, the appellant's then-attorney sent a letter to BPA on his behalf seeking "damages as a result of BPA's unlawful hiring practices," and referencing, among others, the Program Analyst (Budget) position at issue. IAF, Tab 10 at 11. During the period that the appellant's priority consideration was active, the agency did not refer him to a selecting official because it determined that a relevant position for which he met the specialized experience requirement did not open. IAF, Tab 5 at 23-24, Tab 9 at 20.

¶5 On November 4, 2015, the appellant submitted a request to BPA under the Privacy Act to determine the status of his priority consideration request because he claimed that he had not heard from BPA since its initial September 2014 email reply. IAF, Tab 5 at 6. BPA construed the request under both the Freedom of Information Act (FOIA) and the Privacy Act, and issued a partial response on April 26, 2016, and an additional response on August 1, 2016. *Id.* at 15. On August 16, 2016, the appellant submitted a complaint to the Department of Labor (DOL), Veterans' Employment and Training Service (VETS), concerning his nonselection to the Program Analyst (Budget) position and alleging a violation of his veterans' preference rights. IAF, Tab 1 at 5, Tab 5 at 5, 23-24.

¶6 On September 30, 2016, DOL VETS sent the appellant a letter informing him that it was closing his VEOA complaint because it was untimely filed and because he submitted insufficient reasons to waive the statutory filing deadline. IAF, Tab 1 at 7-8. The letter also provided the appellant with appeal rights to the Board. *Id.* at 8.

¶7    The appellant subsequently filed this VEOA appeal alleging that the agency violated his veterans' preference rights when it did not select him for the Program Analyst (Budget) position. IAF, Tab 1. The administrative judge issued an order advising the appellant of the applicable standards and burdens of proof, including how to establish that his DOL complaint was timely filed or that the doctrine of equitable tolling applied. IAF, Tab 3. The appellant replied, contending that the doctrine of equitable tolling should apply because he had no reason to know that his rights concerning the 2012 nonselection had been violated until August 2, 2016, when he received documentation pursuant to his request under FOIA and the Privacy Act indicating that he was denied veterans' preference during the selection process. IAF, Tab 5 at 5-6, Tab 6. He claimed that, prior to his receipt of the documentation, he was not aware of the denial of his rights in the selection process and that he did not know why he had received the 2014 priority consideration letter. IAF, Tab 5 at 5-7. He also claimed that BPA "tricked" him into thinking that it was working to provide him a fair remedy by issuing him the priority consideration letter and that it unnecessarily delayed responding to his requests for information. *Id.* at 7-8.

¶8    Without holding the appellant's requested hearing, the administrative judge issued an initial decision denying his request for corrective action. IAF, Tab 15, Initial Decision (ID) at 1-2. The administrative judge determined that the appellant had filed his complaint with DOL more than 60 days after the date of the alleged violation of his veterans' preference rights and that he failed to show that the doctrine of equitable tolling should be invoked to toll the deadline. ID at 11-22. Specifically, he found that the appellant failed to show that he had actively pursued his remedies by filing a defective pleading during the statutory period or that he had been induced or tricked by agency misconduct into allowing the filing deadline to pass. ID at 16-21.

¶9    The appellant has filed a petition for review in which he primarily argues that DOL VETS improperly construed his administrative complaint under VEOA

rather than under USERRA.  Petition for Review (PFR) File, Tab 1.  He claims, therefore, that the Board should consider this appeal under USERRA.  *Id.* at 4-6, 8.  The agency has filed a response in opposition.  PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶10     We have reviewed the appellant's administrative complaint to DOL VETS and the documentation provided to the administrative judge below and find no error in the classification of this appeal under VEOA.  IAF, Tabs 1, 5-6.  Nevertheless, USERRA claims are broadly and liberally construed, are not subject to a statute of limitations, and may be raised in the first instance in a petition for review.  *See Henson v. U.S. Postal Service*, 110 M.S.P.R. 624, ¶ 10 n.6 (2009); 5 C.F.R. § 1208.12.  Because the appellant raises a USERRA claim for the first time on review, he has not yet received notice of the applicable standards and burdens of proof.  Moreover, he requested a hearing, to which he is entitled if he establishes jurisdiction over his USERRA appeal.  IAF, Tab 1 at 2; *see Kirkendall v. Department of the Army*, 479 F.3d 830, 844-46 (Fed. Cir. 2007) (en banc).  Under these circumstances, we forward his claim under USERRA to the Western Regional Office for adjudication.[2]

¶11     In the alternative, the appellant argues that the administrative judge erred in finding that he failed to establish that the doctrine of equitable tolling should apply to his appeal.  PFR File, Tab 1 at 7-8.  As the administrative judge properly explained, equitable tolling is extended only sparingly, under circumstances such as when an appellant actively had pursued his remedies by filing a defective pleading during the statutory period or when an appellant had been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.  ID at 10-11 (citing *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96

---

[2] An appellant may either file a USERRA complaint with the Secretary of Labor or file an appeal directly with the Board.  5 C.F.R. § 1208.11(a); *see Graham v. Commodity Futures Trading Commission*, 105 M.S.P.R. 392, ¶ 5 (2007), *aff'd*, 348 F. App'x 564 (Fed. Cir. 2009).

(1990)); *see Brown v. U.S. Postal Service*, 110 M.S.P.R. 381, ¶ 10 (2009).  Here, we agree with the administrative judge's well-reasoned findings that the appellant has not shown that either criterion is met and that equitable tolling therefore does not apply.  ID at 15-22; *see Brown*, 110 M.S.P.R. 381, ¶ 12 (finding that the fact that the appellant was unaware that his veterans' preference rights had been violated until after the 60-day deadline had passed was not within the limited scope of reasons warranting equitable tolling); *Mitchell v. Department of Commerce*, 106 M.S.P.R. 648, ¶ 10 (2007) (explaining that the appellant's argument that he was not "aware of the injustice" in the agency's selection procedure until after the 60-day filing deadline did not warrant equitable tolling), *overruled on other grounds by Garcia v. Department of Agriculture*, 110 M.S.P.R. 371, ¶¶ 8-13 (2009).

¶12        The appellant also appears to argue on review that the administrative judge misconstrued some of the evidence he submitted below as hearsay evidence because the administrative judge did not have the benefit of all of the documents he submitted to DOL throughout the processing of his DOL complaint.  PFR File, Tab 1 at 7.  However, the appellant concedes that he did not submit all of the evidence that he provided to DOL to the administrative judge despite the administrative judge's instructions to produce all relevant evidence concerning his appeal, and he has not produced this alleged evidence on review.  *Id.*; IAF, Tab 3 at 6-7.  Nevertheless, we have reviewed the hearsay evidence in question and the administrative judge's analysis of that evidence and find no error by the administrative judge in concluding, based on the record before him, that the evidence was not particularly probative or credible given its conclusory and speculative nature, inconsistency with other undisputed evidence, and inherent improbability.  ID at 19-21; IAF, Tabs 5-6; *see Brown*, 110 M.S.P.R. 381, ¶ 12 n.2 (finding that the appellant's declaration concerning his wife's statements was hearsay and admissible, but not probative when it was not supported by any other evidence).

¶13    The appellant also appears to argue on review that the administrative judge failed to adequately address the remediation plan that was developed as a result of the investigation into BPA's hiring practices and which prompted BPA's July 2014 offer of priority consideration to him.  PFR File, Tab 1 at 7-8.  He also reiterates his claims that the agency made several errors in processing his application for the Program Analyst (Budget) position, including denying him veterans' preference and improperly finding him ineligible.  *Id.* at 4-5; IAF, Tab 5 at 4-8.  These arguments, however, concern the merits of his nonselection and, because he did not timely file his DOL complaint[3] or establish that equitable tolling should apply, we do not have the authority to review his claims.  *See Hayes v. Department of the Army*, 111 M.S.P.R. 41, ¶ 12 (2009) (finding that, when a preference eligible fails to meet the 60-day deadline for filing a complaint with DOL and equitable tolling does not apply, the request for corrective action must be denied based on a failure to meet the time limit for filing the DOL complaint).

¶14    Accordingly, we affirm the initial decision and forward the appellant's claim under USERRA to the Western Regional Office for adjudication.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit

---

[3] As the administrative judge correctly determined, the appellant's August 2016 DOL complaint was untimely whether the 60-day period began when he learned of his nonselection (September 2012), when he learned that he was being afforded priority consideration (July 2014), or upon expiration of the priority consideration period (October 2015).  ID at 14-15.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.

petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

/s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.